JOHN SIMAN and another *vs.* ELISHA RHOADES.

August 7, 1877.

Mill-Dam Act—When it will be Presumed that a Stream was not Navigable. In proceedings under Gen. St. *c.* 31, to obtain the right to maintain a dam across a non-navigable stream, after there had been an appeal to, and trial and judgment in, the district court, this court will presume, in the absence of any showing to the contrary, that it appeared to the court below that the stream across which the right to maintain the dam was sought, was not navigable.

Same—Indefinite Description of Land—Amendment on Appeal.—In such proceedings the district court may correct the judgment entered after a trial, on appeal, so as to make it what the parties were entitled to have it as the result of the trial. Where proper notice has been served on the owner any indefiniteness in the description of the lands belonging to him, and the right to overflow which is sought in the petition or subsequent proceedings, may, on appeal, be amended, and the court may enter in the judgment a description of the land, the damages to which were litigated at the trial.

Same—Judgment on Appeal—Land Subject to Mortgage—Foreclosure.—After a trial and judgment, on appeal, the party seeking the right to maintain the dam cannot object to the judgment on the ground that there was a mortgage on the land prior to the proceedings, and that the owner's title has been divested by a subsequent foreclosure and failure to redeem. It is to be presumed that on the trial the damages are assessed on the basis of the value of the mortgagor's interest as affected by the mortgage. If the party instituting the proceedings omits on the trial to show the existence of the mortgage, he cannot afterwards have relief without excusing his omission.

The appellants in this case presented their petition to the district court for the county of Faribault, in accordance with the provisions of the General Statutes, (*c.* 31,) in which they alleged that they had erected a dam across the Blue Earth river, for the purpose of operating a mill, and that the water

in said river, by reason of the maintenance of the said dam, overflowed "certain lands situate on and adjacent to the said river, and owned by other parties, to-wit, Elisha Rhoades." They therefore prayed that commissioners might be appointed, to assess the damages resulting from the overflow of the water upon the said lands. In accordance with this petition commissioners were appointed, who made a separate assessment of damages in favor of Rhoades, "but they did not describe in their award any lands whatever upon which the damages were sustained." An appeal was taken from this award to the district court of Faribault county, and upon the trial of that appeal, as it appeared from the minutes of the court, Rhoades was permitted, without objection upon the part of the present appellants, to describe the specific lands owned by him and injuriously affected by the dam.

The jury, upon the trial of said appeal, rendered an ordinary verdict in favor of Rhoades, and assessed the damages, without describing the lands so damaged, or determining who was the owner of the same; and upon this verdict the clerk of the court entered a simple money judgment. At the time these proceedings were instituted the above land was subject to a mortgage, which was foreclosed prior to, but remained liable to redemption until after, the entry of the above judgment. The appellants therefore moved at chambers, before *Hanscome*, J., upon the petition, verdict and judgment, in the above proceedings, and upon the decree and other papers pertaining to the said mortgage foreclosure, to set aside the verdict and judgment upon the grounds that the latter did not conform to the statute; that since the rendition of the said judgment the said Rhoades had ceased to be the owner of the said lands by reason of the said foreclosure sale, and that neither the verdict, judgment, nor any other record in the said proceedings contained any such description of the lands formerly owned by the said Rhoades as would warrant the entry of a legal judgment, or give the court jurisdiction in the premises. The respondent moved at the same time, and

before the period limited for the appealing from the judgment had expired, upon the affidavits of his attorneys, (alleging an oral stipulation at the trial that the petition should be amended by inserting a description of the lands as in said affidavits described), to amend, *nunc pro tunc*, the judgment roll in said action by inserting in the said petition the description of the lands contained in said affidavits, and for such other relief as might be fit and proper. Both motions were heard at the same time, and the court thereupon ordered that the petition and judgment be amended *nunc pro tunc*, by the insertion of the said description, and that the motion to set aside the verdict and vacate the judgment be denied. It was from that order that this appeal was taken.

*Brown & Wiswell* and *E. H. Hutchins*, for appellants.

Under this judgment the appellants acquired no rights, but were simply adjudged to pay Rhoades a certain sum of money. Gen. St. *c.* 31, § 15. The title acquired by the mortgagee, under the foreclosure sale, relates back to the date of the mortgage, and is therefore free from all subsequent liens and claims against Rhoades. The appellants, therefore, can acquire no right to maintain this dam, as to the present owner of the land, by paying the amount of this judgment to Rhoades. At the time motion was made to amend this judgment, Rhoades had lost all title to the land, and therefore an entry of an amended judgment in his favor could vest no interest in the appellants as to the land. In any event Rhoades was only entitled to the damages done to the land before his title was divested by foreclosure. *Sabine* v. *Johnson*, 35 Wis. 201; *Newell* v. *Smith*, 15 Wis. 111; *Pick* v. *Rubicon Hydraulic Co.* 27 Wis. 433; *Charles* v. *Manufacturing Co.* 17 Pick. 70 ; 1 Redf. on Railw. 376. The record fails to disclose what lands were affected by these proceedings, although they should have been described in the petition and judgment. 1 Redf. on Railw. 272; *State* v. *Grant*, 10 Minn. 22, (39;) *Shang* v. *B. & M. R. Co.* 16 Wis. 666; *St. P. & S. C. R. Co.* v. *Matthews*, 16 Minn. 343. Such a defect cannot be cured

by amendment upon the ground of an alleged oral stipulation. Gen. St. *c*. 88, § 9; *Clark* v. *Hall*, 7 Paige, 382. It should also be noticed that it nowhere appears that the Blue Earth river is not a navigable stream, although that fact is a statutory prerequisite to these proceedings. Gen. St. *c*. 31, § 1. This omission is therefore jurisdictional, and this court will not take judicial notice of the° fact that the stream is not navigable. *Waller* v. *McConnell*, 19 Wis. 417; *Bryant* v. *Glidden*, 36 Me. 36; 1 Hill. on Torts, 611.

*Benj. G. Reynolds*, for respondent.

GILFILLAN, C. J. The appellants instituted proceedings under Gen. St. *c*. 31, to obtain the right to maintain a dam across the Blue Earth river, so as to damage, by overflowing or otherwise, real estate not owned by them. The petition set forth the location of the dam, the height at which it was proposed to maintain it, the purposes to which the power got by the dam were to be applied, that the dam would cause overflow to certain lands belonging to other parties, to-wit, this respondent, and prayed the appointment of commissioners, pursuant to the statute, to assess the damages resulting to the lands of respondent by the erection and maintenance of the dam. From the report of the commissioners there was an appeal to the district court, and a trial there by a jury, who assessed the damages to respondent at $725, and on this verdict a common money judgment was entered in favor of respondent.

These appellants afterwards moved to vacate the judgment because it was not in conformity to the statute; because, since the trial, the title of respondent to the lands damaged has been divested by the foreclosure of a mortgage and failure to redeem; because neither the verdict, judgment, nor any record in the proceedings, contains any description of respondent's land, nor states facts sufficient to give the court jurisdiction; and because the judgment was entered for an amount not authorized by the verdict, nor any order of the court.

The respondent also made a motion to correct the judg-

ment and proceedings by inserting a proper description of the respondent's land.

The two motions were decided by the same order, from which order this appeal is taken. The order denies the motion to vacate, and directs that the petition and judgment be amended, *nunc pro tunc*, by inserting a description of the lands for which the damages were assessed, and that the judgment be also amended so as to conform to the requirements of the statute.

In addition to the grounds of motion above stated, the appellants made here the further objection, that it does not appear by the record that Blue Earth river is not a navigable stream, and that therefore it does not appear that they had a right to proceed under the statute. This objection, and that to a want of description of the lands to be damaged, come with a bad grace from appellants, whose business it was to make those things appear, if it be necessary to the validity of the judgment that they should appear. In the absence of any showing to the contrary, we will presume in favor of the judgment that it was shown to the court below that the stream was not navigable. Of the power of the court, and its duty when called upon to correct the entry of judgment and to make it what the parties were entitled to have it, as the result of the trial, there can be no question. It is undoubtedly good practice, in proceedings under this statute, to describe in the petition the lands with respect to which the damages are sought to be assessed. But the statute does not expressly require it, and section 7 seems to imply that the commissioners may determine what lands are likely to be affected by the construction of the dam, and consequently what lands they are to assess the damages to. So far as jurisdiction is concerned, the essential thing is notice to the person, and, that being given, any such defect in the petition as indefiniteness in the description of the lands belonging to such person may be amended or disregarded. In order to bind the land it should be described in the report of the commissioners, or on

appeal in the judgment. In this petition the lands are described as the lands of Elisha Rhoades. That is not a sufficient description to bind the lands by the report or judgment, but is sufficient, proper notice being given, to give the court jurisdiction of the proceedings. It appears that the lands, the description of which was ordered to be inserted in the judgment, were the very lands the damages to which the parties by express consent litigated on the trial. The correction in this respect ought, therefore, to have been made just as the court ordered it. The point that respondent's title has been divested under a mortgage executed prior to these proceedings could not be taken upon a motion to vacate the judgment. The appellants could have bound the mortgage interest, had they desired to do so, by making the mortgagee a party to the proceedings. If the appellants omitted to do this, they cannot, without showing excuse for the omission—and no attempt to do it was made on the motion—afterwards have relief.

There is nothing in the case to show that the judgment was for too much. The court below being justified in correcting the record as to the particulars made grounds of the motion to vacate, it followed of course that the motion to vacate should be denied.

Order affirmed.